UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 21-CR-142 (DSD/ECW) |
| v. | MOTION FOR AN ORDER OF FORFEITURE |
| MARK ALLEN MILLER, | |
| Defendant. | |

The United States of America, through Andrew M. Luger, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, respectfully moves this Court for an Order of Forfeiture pursuant to 21 U.S.C. § 853(p), 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2.

## I. BACKGROUND

On June 16, 2021, a Grand Jury in the District of Minnesota returned an Indictment against Defendant Mark Allen Miller and others. ECF No. 1. The Forfeiture Allegations of the Indictment provided notice that the United States sought forfeiture of, among other things, any property, real or personal, constituting or derived from proceeds traceable to the commission of Count 1 of the Indictment pursuant to 18 U.S.C. § 981(a)(1)(C) in conjunction with 28 U.S.C. § 2461(c).

On October 14, 2021, the United States and the Defendant entered into a Plea Agreement through which he agreed to plead guilty to Count 1 of the Indictment, which charged him with Conspiracy to Commit Securities Fraud in violation of 18 U.S.C. § 371 and 15 U.S.C. §§ 78j(b) and 78FF. Plea Agreement at ¶ 2. The Defendant admitted that,

between 2017 and 2019, he participated in a scheme to artificially pump up the price of certain stocks and then dump them at the fraudulently-inflated prices. *Id.* ¶ 2. The Defendant consented to entry of a money judgment forfeiture in the amount of $38,292 and admitted that the proceeds he obtained from the scheme equaled or exceeded that amount. *Id.* ¶ 13.

## II. ARGUMENT

Rule 32.2(b) of the Federal Rules of Criminal Procedure provides that:

(b) Entering a Preliminary Order of Forfeiture.

   (1) Forfeiture Phase of the Trial.

      (A) Forfeiture Determinations. As soon as practical . . . after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.

      . . .

      (B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

   (2) Preliminary Order.

      (A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property, and directing the forfeiture of any

>substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

The United States seeks a money judgment forfeiture in the amount of $38,292. Based upon the evidence set forth in the Plea Agreement, the United States has established the requisite nexus between the requested judgment and the offense to which the Defendant has pleaded guilty. More specifically, 18 U.S.C. § 981(a)(1)(C), which applies through 28 U.S.C. § 2461(c), authorizes forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." Because the Defendant has admitted that he obtained proceeds of at least $38,292, a forfeiture judgment amount is supported here.

Criminal forfeiture may involve the forfeiture of specific property, and may also include a money judgment. *See, e.g, United States v. Gregoire*, 638 F.3d 962, 971-72 (8th Cir. 2011) (money judgment forfeiture permitted based on mail fraud conviction). When, as in this case, the directly traceable assets are unavailable to forfeiture, a money judgment forfeiture is appropriate to determine the value of all substitute assets that are available for forfeiture. Here, such an order would authorize the United States to forfeit the sum of $38,292 from the Defendant, who has represented that he will pay that amount to the United States consistent with his plea agreement and statements in connection with sentencing.

Finally, although a Preliminary Order of Forfeiture is ordinarily required to be

entered before or during sentencing, entry of an order at this time is authorized in this case. Rule 32.2(b)(4)(B) states that the "court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing." The forfeiture here was included in the plea agreement and also was addressed at the time of sentencing, consistent with the Defendant's promise to tender a check in that amount. To the extent necessary, the United States further relies upon Rule 35 to amend the judgment in this case to include the requested forfeiture judgment. *See United States v. Shakur,* 691 F.3d 979, 987 (8th Cir. 2012) ("[r]ule 35(a) gives the district court 'plenary power to amend a final order in a criminal case for . . . [now fourteen] days.'") quoting *United States v. Hatcher,* 323 F.3d 666, 673 (8th Cir. 2003).

### III. CONCLUSION

For the foregoing reasons, the United States moves this Court for an Order of Forfeiture imposing a money judgment forfeiture in the amount of $38,292, and asks that the forfeiture order be included in the Defendant's judgment.

Respectfully submitted,

Dated: 5/26/2023

ANDREW M. LUGER
United States Attorney

 s/Craig Baune
BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
Craig.baune@usdoj.gov

4