UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-142 (DSD/ECW)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND PRE-SENTENCE REPORT** |
| v. | |
| MARK ALLEN MILLER, | |
| Defendant. | |

The United States of America, by and through its attorneys, Andrew M. Luger, United States Attorney for the District of Minnesota, and Assistant United States Attorney Katharine T. Buzicky, respectfully submits its response in opposition to Mark Miller's motion to stay his prison term pending appeal, Docket Number 234.[1]

## SUMMARY BACKGROUND

In May 2023, Miller was sentenced to one year and a day in prison after pleading guilty to participating in a pump-and-dump stock-manipulation scheme. Doc. No. 229. The Court granted him an extended period before he

---

[1] Although Miller has filed a notice of appeal, Docket Number 217, this Court retains a limited jurisdiction to consider his motion. *E.g. United States v. Hochevar*, 214 F.3d 342, 343 (2d Cir. 2000) (discussing procedures for motions for release pending appeal).

must voluntarily surrender and an extension to his report date. Doc. No. 207 (granting voluntary surrender); Doc. No. 210 (ordering surrender on Aug. 16, 2023); Doc. No. 212 (moving surrender date to Aug. 22, 2023).

As a part of his plea agreement, Miller waived his right to appeal "any non-jurisdictional issues," preserving only "an appeal by the defendant of the substantive reasonableness of a term of imprisonment above 41 months of imprisonment." Doc. No. 238 at 10. The Court confirmed that waiver on the record with Miller at sentencing. Doc. No. 226 (Sent. Tr.) at 14-15. Despite receiving a sentence well below the threshold for appeal, Miller filed a notice of appeal. Doc. No. 217.

Miller must report to a BOP institution in late August 2023. He now moves for the Court to stay his prison sentence pending appeal. Doc. No. 234. He states that because he is pursuing an appeal that raises a "substantial issue of law and fact that should likely result in a non-custodial sentence" this Court should allow him to remain free while the Eighth Circuit considers his claim. Doc. No. 234 at 1.

## LEGAL FRAMEWORK

Courts must typically order a defendant into custody after sentencing. However, 18 U.S.C. § 3143(b)(1) affords a limited exception for defendants pursuing an appeal. It states, in relevant part:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ...; and,
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

The defendant bears the burden to show he warrants release pending appeal. *United States v. Powell*, 761 F.2d 1227, 1232 (8th Cir. 1985) (en banc); *see also* Fed. R. App. P. 9(c). It is a difficult burden to carry, because the exception under § 3143(b)(1) is designed to be extremely narrow. Congress's intent "was, bluntly, that fewer convicted persons remain at large while pursuing their appeals." *United States v. Marshall*, 78 F.3d 365, 366 (8th Cir. 1996) (quoting *Powell*, 761 F.2d at 1231). The defendant must prevail on both

3

prongs in the statute; that is, he must show he is not a danger to others and will not flee *and* that his appeal "raises a substantial question of law or fact" that is "likely to result in" a reversal of his conviction or a major reduction in sentence. 18 U.S.C. § 3142(b)(1)(B). It is reversible error for a district court to release a defendant without making findings under § 3142(b)(1)(B) as well as § 3142(b)(1)(A). *Marshall*, 78 F.3d at 366.

## I. The Court Should Deny Miller's Motion.

The Court should deny Miller's motion for release pending appeal. Miller cannot raise any claim on appeal, let alone a "substantial question of law or fact" that is "likely to result in" a reversal of his conviction or a major reduction in sentence. 18 U.S.C. § 3142(b)(1)(B). This is because Miller knowingly and voluntarily waived the right to pursue an appeal as a part of his plea agreement. Doc. No. 238 at 10. "[W]aivers are contractual agreements between a defendant and the Government and should not be easily voided by the courts." *United States v. Andis*, 333 F.3d 886, 891 (8th Cir. 2003) (en banc). Here, Miller gave up his right to file any appeal other than "the substantive reasonableness of a term of imprisonment above 41 months." Doc. No. 238 at 10. His year-and-a-day sentence is within the scope of the appeal waiver. Miller's waiver is enforceable and will predictably result in a dismissal of his appeal by the Eighth Circuit. *See United States v. Rivas*, 2023 WL 4044481 at *1 (8th Cir. June 16, 2023) (dismissing appeal with identical appellate-waiver

4

language in plea agreement). Because Miller entered into a knowing waiver of appeal, this Court should not allow him to remain free under the guise of pursuing a claim before the Eighth Circuit.

Even if the appellate waiver did not exist, Miller's motion would fail. The "substantial issue" mentioned in his motion appears to be a claim about the substantive reasonableness of his sentence. Miller states "the prison sentence should not have been imposed under the circumstances of this case." Doc. No. 234 at 1. To prevail on a motion under § 3142(b)(1)(B), a defendant "must first show that the question presented by the appeal is substantial, in the sense that it is a close question or one that could go either way." *Powell*, 761 F.2d 1233-34. "It is not sufficient to show simply that reasonable judges could differ … or that the issue is fairly debatable or not frivolous." *Id.* at 1234. As this Court knows, criminal sentences are rarely reversed on substantive reasonableness grounds. In fact, the opposite is true. The Eighth Circuit has observed that where, as here, a district court imposes a below-range sentence, "it is *nearly inconceivable* that the court abused its discretion" by not giving the defendant a more lenient sentence. *United States v. Lazarski*, 560 F.3d 731, 733 (8th Cir. 2009) (emphasis added); *see also United States v. Anwar*, 880 F.3d 958, 973 (8th Cir. 2018) (same). Miller therefore cannot meet the test articulated in *Powell*. He has no substantial issue on appeal, and this Court should deny his motion.

5

One final matter merits discussion here. Section 3142(b)(1)(B) also requires a judicial officer to find "that the appeal is not for the purposes of delay." On the record in this case, it appears that Miller's appeal is in fact part of a pattern of delay. First, he requested a substantial period of time before reporting to prison and moved to delay his prison report date even further. Doc. Nos. 210, 212. Then, he filed a notice of appeal despite his waiver of the same. Doc. No. 217. And now, based on only a substantive-reasonableness claim, Miller asks the Court to order his release under § 3142(b)(1). Doc. No. 234. Miller's actions all point in one direction: delaying the commencement of this Court's sentence. This Court should deny his motion and decline any further efforts to push back his prison report date.

Dated: June 28, 2023

ANDREW M. LUGER
United States Attorney

*s/Katharine T. Buzicky*

BY:  KATHARINE T. BUZICKY
Assistant U.S. Attorney